# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **United States of America,** *Plaintiff,* v. **James P. Jackson,** *Defendant.* | Case No. 4:25-cr-00317-DAP-1 <br><br> Judge Dan Aaron Polster |

## DEFENDANT'S MOTION TO WITHDRAW PLEA

Now comes Defendant James Jackson, by and through undersigned counsel, and respectfully moves this Honorable Court, pursuant to Rule 11(d)(2)(B) of the Federal Rules of Criminal Procedure, to withdraw his guilty plea entered on July 15, 2025, to one count of violating the Hobbs Act, and to enter a plea of Not Guilty. A Memorandum in Support is attached and incorporated herein.

Respectfully Submitted,
**BETRAS KOPP, LLC**

 /s/ *Frank L. Cassese*
Frank L. Cassese (0092991)
6630 Seville Dr.
Canfield, Ohio 44406
Telephone: (330) 746-8484
Facsimile: (330) 702-8280
E-mail: fcassese@bk-laws.com
*Counsel for Defendant*

**MEMORANDUM IN SUPPORT**

**I.     FACTUAL BACKGROUND**

On July 15, 2025, Mr. Jackson appeared before this Court and entered a plea of guilty to a Hobbs Act violation. At that time, Mr. Jackson was represented by Attorney Holly Hanni. Unbeknownst to him, Ms. Hanni was not licensed to practice in the Northern District of Ohio. Compounding the problem, Ms. Hanni relied heavily on Attorney Kathy Rudzik, an attorney never hired and who was not counsel of record to assist in the case. This created significant confusion as to who was actually representing Mr. Jackson and undermined his ability to receive clear, consistent legal advice. Ms. Hanni's representation fell far short of constitutional standards. She failed to appear for multiple court hearings, ignored phone calls from Mr. Jackson and the presentence investigation officer, and did not meaningfully communicate with him about his case. Neither Ms. Hanni nor Ms. Rudzik ever reviewed the discovery, the bill of evidence, or the government's exhibits with Mr. Jackson. He was not shown the complete record of evidence that was being used against him, depriving him of the ability to assess the government's case or make an informed decision regarding a plea.

Before and during plea negotiations, Mr. Jackson repeatedly told Ms. Hanni that he acted under duress. He described threats and coercive circumstances that directly influenced his conduct, including threating phone calls directed towards him and those around him. Despite this, counsel failed to investigate or raise a duress defense. Furthermore, Mr. Jackson suffered from diminished capacity resulting from a 2023 assault in Howland, Ohio, which caused ongoing cognitive and emotional impairments.

Moreover, the timing of this motion is not for the purposes of delay. Following his plea, Mr. Jackson went through several attorneys before finding counsel who fully understood him,

2

listened to his explanations, and reviewed the discovery and evidence in detail. Only after that process was he able to appreciate the extent of prior counsel's deficiencies and understand his right to seek withdrawal of his plea.

For these reasons, Mr. Jackson's plea was not the product of an informed, voluntary, or intelligent waiver of rights. He now seeks to withdraw that plea and proceed to trial. No trial date has passed, and the government will suffer no prejudice if this Court permits withdrawal.

II. **LAW AND ARGUMENT**

Rule 11(d)(2)(B) provides that "[a] defendant may withdraw a plea of guilty … after the court accepts the plea, but before it imposes sentence if … the defendant can show a fair and just reason for requesting the withdrawal." The Sixth Circuit has enumerated seven non-exclusive factors for assessing whether withdrawal is warranted: (1) the time between plea and motion; (2) whether there is a valid reason for not moving earlier; (3) whether defendant has asserted innocence; (4) the circumstances of the plea; (5) the defendant's nature and background; (6) prior experience with the criminal justice system; and (7) prejudice to the government. *United States v. Bashara*, 27 F.3d 1174, 1180–81 (6th Cir. 1994); *United States v. Hickman*, 303 F. App'x 279, 283 (6th Cir. 2008). Where, as here, ineffective assistance of counsel or coercion undermines the validity of the plea, courts routinely recognize a "fair and just reason" for withdrawal. See *United States v. Neumann*, 515 F. Supp. 2d 817, 821 (N.D. Ohio 2007) (withdrawal motion based on ineffective assistance and coercion considered under Rule 11); *Perry v. Lazaroff*, 2016 WL 8674485, at *2–4 (N.D. Ohio 2016) (claims of ineffective assistance in plea context reviewed under Sixth Amendment).

  A. **INEFFECTIVE ASSISTANCE OF COUNSEL RENDERED THE PLEA INVALID.**

3

The right to counsel under the Sixth Amendment includes the right to effective assistance. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). To prevail, a defendant must show (1) that counsel's performance fell below an objective standard of reasonableness, and (2) prejudice — meaning a reasonable probability that, but for counsel's errors, the defendant would not have pleaded guilty and would have insisted on trial. *Hill v. Lockhart*, 474 U.S. 52, 58–59 (1985); *Lee v. United States*, 2013 WL 3724876, at *3 (S.D. Ohio July 15, 2013).

Here, Attorney Hanni's performance was deficient on multiple levels. She was not licensed to practice before this Court, relied on an attorney whom Mr. Jackson never retained, and failed to appear for hearings, return calls, or review discovery. Most significantly, she ignored Mr. Jackson's repeated explanation that his actions were compelled by threats and failed to pursue a duress or diminished capacity defense. Such omissions fall well below the objected standard of reasonable representation under *Strickland*.

The prejudice is equally clear. Had Mr. Jackson been **properly** advised, he would not have pleaded guilty. He would have pursued his available defenses at trial. The Sixth Circuit recognizes duress as a valid affirmative defense when a defendant shows: (1) an immediate threat of serious bodily injury; (2) a well-grounded fear the threat will be carried out; and (3) no reasonable opportunity to escape the threatened harm. See *Chappell v. May*, 2025 WL 277758, at *2 (N.D. Ohio Jan. 23, 2025) (discussing duress in context of weapons disability conviction). Mr. Jackson consistently told counsel he acted under threats to his life, including threatening phone calls, yet those circumstances were flat out ignored. Ohio law is clear, a guilty plea induced by coercion or threats is not voluntary and must be set aside. *Perry v. Lazaroff*, 2016 WL 8674485, at *2 (N.D. Ohio 2016).

### III. CONCLUSION

The motion was filed promptly, not for purposes of delay, but because Mr. Jackson only recently obtained counsel capable of reviewing his case and identifying the de in prior representation. He has consistently asserted his innocence, specifically on the ground that his conduct was compelled by duress. His background, diminished capacity, and lack of familiarity with federal procedure further support withdrawal. Because no trial has occurred, the government will suffer no prejudice by proceeding at trial. For these reasons, Mr. Jackson respectfully submits that he has demonstrated a fair and just reason to withdraw his guilty plea under Rule 11(d)(2)(B). His plea was the product of ineffective assistance, confusion of representation, coercion, and impaired capacity, **not** an informed or voluntary choice. Accordingly, this Court should grant his motion, permit withdrawal of the guilty plea, and allow Mr. Jackson to enter a plea of not guilty.

Respectfully Submitted,
**BETRAS KOPP, LLC**

 /s/ *Frank L. Cassese*
Frank L. Cassese (0092991)
6630 Seville Dr.
Canfield, Ohio 44406
Telephone: (330) 746-8484
Facsimile: (330) 702-8280
E-mail: fcassese@bk-laws.com
*Counsel for Defendant*